UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JORGE JASSO,<br>Defendant. | Case No. 18-cr-00466-BLF<br><br>**ORDER DENYING MOTION FOR BILL OF PARTICULARS** |

The two remaining Defendants in this case, Vincent Gerald Garcia and Jorge Jasso, are alleged to be members of a criminal racketeering enterprise consisting of Nuestra Familia and Salinas Norteño gang members, who participated in various violent crimes in Monterey County Jail. *See* Indictment, ECF 1. Jasso now seeks a bill of particulars, claiming that he does not have sufficient information to understand the specifics of the charges against him. Motion for Bill of Particulars ("MBP") at 4, ECF 534. For the reasons discussed on the record at the hearing on July 22, 2021, and set forth below, Jasso's Motion for a Bill of Particulars is DENIED.

**I.      BACKGROUND**

The Indictment in this matter was filed on September 27, 2018. Indictment. It charges fifteen individuals as members of a criminal enterprise, consisting of members and associates of the Nuestra Familia prison gang, and Norteño street gangs in Salinas, California and the surrounding areas (the "Enterprise"). Indictment ¶ 40. Among other activities, members and associates of the Enterprise are alleged to have committed crimes such as attempted murder, narcotics trafficking, and other acts of violence. *Id*. ¶ 41. According to the indictment, Norteño gang members pledge their allegiance

and loyalty to Nuestra Familia and are instructed on its rules, rituals, and obligations. *Id*. ¶ 3. Nuestra Familia enforces its rules and promotes discipline among its members and associates by assaulting and threatening those individuals who violate the rules or pose a threat to the organization. *Id*. ¶ 4. Inside prison and local jails, all Norteños work together to maintain the structure and follow the rules of Nuestra Familia. *Id*. ¶ 10.

In Monterey County Jail, Norteños are separated from other inmates and are housed together in certain housing units (i.e., D-Pod or K-Pod). Indictment ¶ 25. The indictment alleges that if a member of Norteño or Nuestra Familia commits a serious violation of the Nuestra Familia rules, he is subject to "removal" from the housing unit at the jail. *Id*. ¶ 10. The purpose of a "removal" is to literally remove an inmate from the housing unit (and his status as a Norteño in general) by killing that inmate or inflicting as much bodily harm as possible. *Id*. ¶ 34. A "removal" involves the stabbing of the target by at least one "hitter" followed immediately by a physical assault without weapons by at least two individuals called "bombers." *Id*. ¶ 36. The purpose of the subsequent beating is to inflict maximum damage to the victim, while giving the hitters time to discard the weapon and wash the blood off or change clothes. *Id*.

These "removals" are approved in advance by the Norteño in charge of the facility (unless an emergency arises that requires the immediate removal of an individual) after receipt of reports of the violations from members in the housing unit. *Id*. ¶ 10. The "removals" are planned out by the person in charge of a housing unit and members of that housing unit are aware of the "removal" process, and they are required to assist in the removal if requested. *Id*.

Defendant Jasso is alleged to have been an active member of the Enterprise. Indictment ¶ 59. Defendant Jasso is alleged to have been a Norteño street gang member since at least 2000. *Id*. ¶ 56. He was housed in Monterey County Jail, from at least May 19, 2012 through September 23, 2013. *Id*. Jasso allegedly agreed with Enterprise members to commit murder by approving or participating in the "removals" of inmates who committed serious violations of the Nuestra Familia

rules. *See* Indictment, Counts 1-3. The Indictment focuses on seven "removals" and charges those in leadership who approved the removals, those who relayed the approvals, the "hitters," the "bombers," and anyone else who facilitated the attacks. *Id.* ¶¶ 64-71.

The charges in the indictment include:

- Count 1: 18 U.S.C. § 1962(d) – Racketeering Conspiracy (under Racketeer Influenced and Corrupt Organizations Act, ("RICO"))
- Count 2: 18 U.S.C. § 1959(a)(5) – Conspiracy to Commit Attempted Murder in Aid of Racketeering
- Count 3: 18 U.S.C. § 1959(a)(6) – Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering
- Counts 4, 6, 8: 18 U.S.C. § 1959(a)(5) – Attempted Murder of Victims 5, 6, 7 (respectively) in Aid of Racketeering
- Counts 5, 7, 9: 18 U.S.C. § 1959(a)(3) – Assault of Victims 5, 6, 7 (respectively)

Jasso is charged in counts one through three.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) provides that a defendant may move for a bill of particulars before or within fourteen days after arraignment or at a later time if the court permits. Fed. R. Crim. P. 7(f). Whether to grant a motion for a bill of particulars is within the district court's discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The Ninth Circuit has explained that a bill of particulars serves three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (internal quotation marks and citation omitted). "A defendant is not entitled to know all the evidence

the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphasis in original). The government may add clarity to its theory via discovery, and "full discovery also obviates the need for a bill of particulars." *Giese*, 597 F.2d at 1180. "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054.

### III. DISCUSSION

Jasso requests a bill of particulars because "this case presents broad and undefined charges which do not give him sufficient notice of the charges against him." MBP at 4. He further contends that "[t]here is limited information about the alleged activities of individual defendants, or the connection between the alleged coconspirators. Nowhere in the Indictment does the government firmly establish a conspiratorial connection between defendant Jasso and the other co-defendants." *Id*. at 9. Jasso requests that the government specify the following:

> 1. Count One – Racketeering Conspiracy, in violation of 18 U.S.C.§ 1962(d)
>    a) Each and every act committed by defendant Jasso the government claims is evidence of such conspiracy;
>    b) Each and every act committed by defendant Jasso the government claims is evidence that he was conspiring with one or more other persons;
>    c) Each and every act committed by a person other than defendant Jasso the government claims is evidence of such conspiracy;
>    d) Each and every act committed by a person other than Defendant Jasso the government claims is evidence that defendant Jasso was conspiring with these other persons;
>    e) Which, if any, of the other named defendants in Count One of the Indictment actually acted in concert with defendant Jasso;
>    f) The government's theory as to how defendant Jasso conspired with the other named defendants in this count in violation of federal law;
>    g) Describe with specifics the alleged agreement among these co-defendants
>
> 2. Count Two - Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5)
>    a) Each and every act committed by defendant Jasso the

government claims is evidence of such conspiracy;
b) Each and every act committed by defendant Jasso the government claims is evidence that defendant Jasso was conspiring with one or more other persons;
c) Each and every act committed by a person other than defendant Jasso the government claims is evidence of such conspiracy;
d) Each and every act committed by a person other than defendant Jasso the government claims is evidence that Defendant Jasso was conspiring with these other persons;
e) Which, if any, of the other named defendants in Count One of the Indictment actually acted in concert with defendant Jasso;
f) Which, if any, of the other named defendants in Count One of the Indictment actually received proceeds, profited from, or received any benefit as a result of any overt act attributed to defendant Jasso;
g) The government's theory as to how defendant Jasso conspired with the other named defendants in this count in violation of federal law;
h) Describe specifically the alleged agreement among these co-defendants.

3. Count Three – Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(5)
   a) Each and every act committed by defendant Jasso the government claims is evidence of such conspiracy;
   b) Each and every act committed by defendant Jasso the government claims is evidence he was conspiring with one or more other persons;
   c) Each and every act committed by a person other than defendant Jasso the government claims is evidence of such conspiracy;
   d) Each and every act committed by a person other than defendant Jasso the government claims is evidence defendant Jasso was conspiring with these other persons;
   e) Which, if any, of the other named defendants in Count Three of the Indictment actually acted in concert with defendant Jasso;
   f) Which, if any, of the other named defendants in Count Three of the Indictment actually received proceeds, profited from, or received any benefit as a result of any overt act attributed to defendant Jasso;
   g) The government's theory as to how defendant Jasso conspired with the other named defendants in this Count in violation of federal law;
   h) Describe with specifics the alleged agreement among these co-defendants.

*Id*. at 1-4. Jasso goes on to argue that he is entitled to the bases for the government's belief (1) that "members of the alleged SVL Norteno street gang conspired and acted in concert with members of

the alleged Nuestra Familia to control drug dealing at the Monterey County Jail" and (2) that "a 'removal' ordered by the alleged Nuestra Familia, as described in the indictment, necessarily involves an order to kill the target of the removal." *Id*. at 4.

Most of Jasso's queries do not seek clarification regarding the government's theories, but rather seek disclosure of evidence the government will rely upon to prove those theories. *See, e.g.*, MBP at 1-4 (requesting "Each and every act committed by defendant Jasso the government claims is evidence of such conspiracy," "Each and every act committed by defendant Jasso the government claims is evidence that defendant Jasso was conspiring with one or more other persons," "Each and every act committed by a person other than defendant Jasso the government claims is evidence of such conspiracy," and "Each and every act committed by a person other than defendant Jasso the government claims is evidence that Defendant Jasso was conspiring with these other persons."). This flies directly in the face of *Ryland*, as at this stage "[a] defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." 806 F.2d at 942 (emphasis in original); *see also Giese*, 597 F.2d at 1180 ("[T]here is no requirement in conspiracy cases that the government disclose even all the overt acts in furtherance of the conspiracy."). Like the defendant in *Ryland*, Jasso misconstrues the purpose of a bill of particulars, which is to ensure "the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054.

Jasso's own briefing makes clear that in fact he does understand the nature of the charges against him. *See, e.g.*, MBP at 5-6 (discussing the three conspiracy counts against Jasso and his relevant overt acts). Instead of seeking clarification of the government's *theory*, Jasso's motion seeks to obtain evidence in support of that theory, MBP at 6-7 (requesting the government identify how it "intends to prove that defendant Jasso conspired with other who are charged"), or to undermine the allegations setting out that theory, *id*. at 6 ("The Indictment alleges defendant Jasso provided assurance to Victim-3 that he would not be harmed in K-16 by conducting 'new arrival

6

procedures' on Victim-3. Again, defendant Jasso is not mentioned in the ensuing The Monterey County Sheriff's Incident Report"). The Court has reviewed the Indictment and finds that it provides sufficient detail as to Jasso's involvement in the Enterprise. With respect to count one, Jasso is alleged to have acted as a bomber against Victims 1 and 2 and to have performed the "new arrival procedures"[1] on Victim 3. Indictment ¶¶ 65-67. With respect to counts two and three, Jasso is alleged to have conspired to commit murder and assault with a deadly weapon in aid of racketeering. *Id*. ¶¶ 82-84. While Jasso may *prefer* that the government provide him with additional details as to the charges against him, that is not standard under which the Court considers this request.

The government has further obviated the need for a bill of particulars by virtue of its discovery disclosures. *See Giese*, 597 F.2d at 1180; *see also United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (upholding the denial of the motion for a bill of particulars because the government's "significant" discovery disclosures "enable[d] [defendant] to prepare his defense for trial"). Leading up to trial, the government has produced substantial discovery to Jasso. Opp. at 3. This discovery includes police reports related to each removal, medical reports, crime scene photographs, evidence logs, and expert witness disclosures. *Id*. The government also conducted a reverse proffer with Jasso, at which time it "presented information about what unidentified witnesses have told the government about the defendants' roles or involvement in the charged crimes." *Id*. Jasso does not explain why he is entitled to a bill of particulars in light of these extensive disclosures.

"[A] bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation. Rather, it is intended to give the defendant only that

---

[1] New arrival procedures involved informing new inmates in K-Pod that the unit "was an active Norteño household" and that "all who chose to remain [in K-Pod] were agreeing to function with all activities within the housing unit and following Nuestra Familia's household policies for inmates. *Id*. ¶ 29. They also "consisted of a strip search of the new Norteño to ensure that he did not have any weapons or contraband, and that he was not wearing a law enforcement wire." *Id*. ¶ 30. The procedures further aimed to determine "whether the new inmate was in good standing on the streets." *Id*. In count three, the government alleges that Jasso "pretended to clear Victim-3 so that Victim-3 would let his guard down prior to being removed." *Id*. ¶ 67.

minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Hsuan Bin Chen*, 2011 WL 332713, at *4 (N.D. Cal. Jan. 29, 2011) (internal quotation marks and citation omitted) (first emphasis added). At bottom, the indictment and discovery disclosures provide Jasso with the requisite minimum amount of information, and the Court thus finds that Jasso is on fair and adequate notice as to the theory of the government's case. Jasso is not entitled to a bill of particulars.

### IV. ORDER

For the foregoing reasons, Jasso's Motion for a Bill of Particulars is DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge