1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

VINCENT GERALD GARCIA and JORGE JASSO,

              Defendants.

Case No.  18-cr-00466-BLF

**ORDER ON MOTIONS *IN LIMINE***

[Re:  ECF Nos. 601, 602, 603, 604, 605,

606, 607, 608, 609, 610, 611, 612, 613, 614,

615, 616, 617, 618, 619, 620]

Vincent Gerald Garcia and Jorge Jasso, the two remaining Defendants in this case, are each

charged with one count of racketeering conspiracy under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1962(d); one count of conspiracy to commit murder in

air of racketeering, 18 U.S.C. § 1959(a)(5); and one count of conspiracy to commit assault with a

dangerous weapon in aid of racketeering, 18 U.S.C. § 1959(a)(6).[1]  *See* ECF No. 1 ("Indictment")

at Counts 1-3.  The Court held a Final Pretrial Conference on October 5, 2021, during which it

issued oral rulings on the Parties' motions *in limine*.  The Court's rulings on the Parties' motions

*in limine* are summarized as follows:

- Government's MIL No. 1, ECF No. 601 ("Gov't MIL 1"):  GRANTED

- Government's MIL No. 2, ECF No. 602 ("Gov't MIL 2"):  GRANTED

- Government's MIL No. 3, ECF No. 603 ("Gov't MIL 3"):  GRANTED

- Government's MIL No. 4, ECF No. 604 ("Gov't MIL 4"):  GRANTED

---

[1] The Government has indicated that it no longer intends to proceed to trial on four additional counts in the Indictment asserted against Defendant Garcia only.  *See* ECF No. 644 at 1; *see also* Indictment at Counts 4-5, 8-9 (two violations of 18 U.S.C. § 1959(a)(5) and two violations of 18 U.S.C. § 1959(a)(3)).

1    • Government's MIL No. 5, ECF No. 605 ("Gov't MIL 5"):  GRANTED

2    • Government's MIL No. 6, ECF No. 606 ("Gov't MIL 6"):  DEFERRED

3    • Government's MIL No. 7, ECF No. 607 ("Gov't MIL 7"):  GRANTED

4    • Defendants' MIL No. 1, ECF Nos. 608, 615 ("Defs.' MIL 1"):  see other order

5    • Defendants' MIL No. 2, ECF Nos. 609, 616 ("Defs.' MIL 2"):  DEFERRED

6    • Defendants' MIL No. 3, ECF Nos. 613, 617 ("Defs.' MIL 3"):  GRANTED IN PART

7       AND DENIED IN PART

8    • Defendants' MIL No. 4, ECF Nos. 610, 618 ("Defs.' MIL 4"):  GRANTED

9    • Defendants' MIL No. 5, ECF Nos. 611, 619 ("Defs.' MIL 5"):  GRANTED

10   • Defendants' MIL No. 6, ECF Nos. 612, 620 ("Defs.' MIL 6"):  DENIED AS MOOT

11   • Jasso's MIL No. 7, ECF No. 614 ("Jasso MIL 7"):  DENIED

12   **I.     GOVERNMENT'S MOTIONS *IN LIMINE***

13       The Government filed seven motions *in limine*.  Defendant Jasso filed a response stating

14   that he "submits to the Court's ruling[s]" on the Government's motions.  *See* ECF No. 640.

15   Defendant Garcia did not file any responses.  The Court considers each motion *in limine* in turn.

16       **A.     Government's Motion *in Limine* No. 1 to Exclude References to Punishment**

17       In its first motion *in limine*, the Government moves to preclude "any reference by the

18   defense to Defendants' potential sentence in front of the jury during all phases of trial."  Gov't

19   MIL 1 at 4.  The Government argues that any reference to Defendants' potential sentence would

20   be "irrelevant and prejudicial," and that references to punishment could be both overt ("[Y]ou

21   understand the defendant is facing at least a decade in prison if convicted.") and "subtle" ("[Y]our

22   decision will have consequences for a long time to come.").  *Id.*

23       "It has long been the law that it is inappropriate for a jury to consider or be informed of the

24   consequences of their verdict."  *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see*

25   *also Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been admonished that it

26   "had no sentencing function and should reach its verdict without regard to what sentence might be

27   imposed").

28       The Court GRANTS the Government's Motion *in Limine* No. 1.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

### B.   Government's Motion *in Limine* No. 2 to Preclude Use of Certain Impeachment Materials

2

In its second motion *in limine*, the Government moves to preclude reference for

3

impeachment purposes to one of its law enforcement witness's 2013 *nolo contendere* plea to DUI

4

and corresponding 80-hour disciplinary suspension.  Gov't MIL 2 at 2.  The law enforcement

5

witness lied to the officer who arrested him about how long he had slept, how long he had drank,

6

and where he had drank prior to the arrest, and later admitted those lies to the Sheriff's Office.  *Id.*

7

At the hearing, Defendants contended that evidence of the witness's untruthfulness to the arresting

8

officer (separate from the underlying act and any statements of minimization) may always be used

9

for impeachment.

10

A party may impeach a witness with a prior conviction if that conviction was punishable

11

by death or imprisonment for more than one year or is a crime of dishonesty.  Fed. R. Evid.

12

609(a).  Separately, a court has the discretion on cross-examination to allow admission of extrinsic

13

evidence to prove specific instances of a witness's conduct to attack or support that witness's

14

character for truthfulness.  *Id.* R. 608(b).  "[O]fficers' misdemeanor DUI convictions are simply

15

irrelevant to their creditability," and false statements given to law enforcement during questioning

16

about that offense usually have only "marginal relevance to the officer's credibility, at best."

17

*United States v. Edwards*, 156 F. App'x 954, 956 (9th Cir. 2005) (no abuse of discretion where

18

district court excluded evidence of officer's DUI and false statement about his drinking prior to

19

the DUI).

20

The Court finds that the probative value of the law enforcement witness's plea,

21

corresponding suspension, and other conduct is minimal.  Admitting this information would run

22

the risk of creating a mini-trial on the officer's conduct and would be unduly consumptive of the

23

jury's time.  The Government has also represented that the law enforcement witness in question is

24

not a primary witness in the case.  Accordingly, the officer's conduct has only "marginal

25

relevance" and will be excluded.  *Edwards*, 156 F. App'x at 956.

26

The Court GRANTS the Government's Motion *in Limine* No. 2.

27

### C.   Government's Motion *in Limine* No. 3 to Admit Cooperator's Plea Agreement

28

In its third motion *in limine*, the Government seeks permission to admit the plea

3

1    agreements of its cooperating witnesses in the event that Defendants attack the credibility of those

2    witnesses.  Gov't MIL 3 at 2.  The Government recognizes that it is prohibited from affirmatively

3    introducing the plea agreements or discussing their provisions requiring truthful testimony, *id.* at 3

4    (citing *United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012)), but seeks permission to do so

5    if and when the credibility of those witnesses is attacked.  *See id.*

6        The Court GRANTS the Government's Motion *in Limine* No. 3 without prejudice to

7    Defendants raising objections during trial.  As the Government recognizes, the contents of the plea

8    agreements are only admissible if Defendants attack the credibility of the cooperating witness who

9    pleaded guilty.  If the Government intends to introduce a cooperator's plea agreement in its case-

10   in-chief or its rebuttal case because it believes Defendants have opened the door, it SHALL inform

11   Defendants and raise the issue at an 8:30 a.m. morning conference prior to introducing the plea

12   agreement.

### D. Government's Motion *in Limine* No. 4 to Exclude Evidence of Affirmative Defense Lacking Pretrial Offer of Proof

15       In its fourth motion *in limine*, the Government moves to require Defendants to make an

16   offer of proof to the Court of any affirmative defense they intend to offer, including that

17   Defendants acted in self-defense or under duress in committing the crimes alleged in the

18   Indictment.  *See* Gov't MIL 4 at 2.  The Government argues that Defendants, should they testify in

19   their own defense, are not allowed to testify about an alleged affirmative defense that is not

20   supported by a pre-trial offer of proof.  *Id.*  The Government asserts that if no such pre-trial proffer

21   is made, then the Court should order the Defendants not to make such arguments at trial.  *Id.* at 3.

22       Defendants stated at the pretrial conference that they are not intending to assert any

23   affirmative defenses.  Upon this understanding, the Court GRANTS the Government's Motion *in*

24   *Limine* No. 4.

### E. Government's Motion *in Limine* No. 5 to Preclude Defendants from Introducing Evidence or Argument About Charging Decisions

27       In its fifth motion *in limine*, the Government asks the Court to prohibit Defendants from

28   questioning witnesses or making any reference at trial to charging decisions in this case or other

United States District Court
Northern District of California

1    cases involving Defendants.  Gov't MIL 5 at 2.  The Government says that "[a] prosecutor's

2    decision to pursue and resolve certain charges and not others is completely irrelevant to guilt or

3    innocence," and that allowing such evidence or argument would confuse and mislead the jury,

4    cause delay, and waste time.  *Id.*

5          The Government's charging decisions are irrelevant to the charged conduct in this case,

6    and introduction of such evidence would confuse and mislead the jury.  *United States v. Farley*,

7    2015 WL 6871920, at *9 (N.D. Cal. Nov. 9, 2015).  Additionally, separation of powers concerns

8    would be raised if the Court allowed Defendants to introduce evidence of charging decisions or

9    make arguments about them.  *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) (outlining

10   the executive's "special province" of enforcing the nation's criminal laws).  Accordingly, the

11   Court GRANTS the Government's Motion *in Limine* No. 5.

**F.    Government's Motion *in Limine* No. 6 to Consider Entire Record When Deciding Whether to Admit Co-Conspirator Statements or Other Evidence**

14          In its sixth motion *in limine*, the Government asks the Court to consider "the entire record"

15   in determining the admissibility of evidence at trial.  Gov't MIL 6 at 2.  The Government claims

16   that the Court has before it a "fairly comprehensive record establishing the existence of the

17   charged conspiracy," including guilty pleas from "over a dozen co-defendants[,] each of whom

18   admitted to participating in a conspiracy."  *Id.* at 3.  The Government says that the Court should

19   consider that evidence, and the whole pre-trial record, when evaluating whether evidence such as

20   co-conspirator statements is admissible in this case under Federal Rule of Evidence 104(a).  *Id.*

21          The Court DEFERS ruling on this motion *in limine*.  The Government has correctly cited

22   the standard under Rule 104(a):  the Court is not bound by evidence rules when making

23   admissibility determinations.  To the extent the Government intends to rely on co-conspirator

24   statements, the Court will determine if a given co-conspirator statement is admissible after the

25   Government makes a written proffer of the statement.  The Government SHALL make such a

26   written proffer, which may be filed under seal and marked as Attorneys' Eyes Only, for any co-

27   conspirator statements **no later than February 27, 2022**.

28

United States District Court
Northern District of California

G.   **Government's Motion** *in Limine* **No. 7 to Preclude Defendants from Admitting Self-Serving Hearsay**

In its seventh and final motion *in limine*, the Government moves the Court to preclude Defendants from offering in their own defense at trial their own statements or those of their alleged co-conspirators.  Gov't MIL 7 at 2.  The Government argues that Federal Rule of Evidence 802(d)(2) allows the Government to admit Defendants' or co-conspirator's statements in its case-in-chief, but that the same rule does not permit Defendants to do the same.  *Id.* at 2.

The Court agrees with the Government that allowing Defendants to offer their own statements would allow them to "place [their] arguably exculpatory hearsay statements before the jury without taking the witness stand and subjecting [themselves] to cross-examination."  *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988).  Accordingly, the Court GRANTS the Government's Motion *in Limine* No. 7, but defers ruling on specific hearsay statements until they are raised at trial because no specific statements have been raised at this time.

## II.   **DEFENDANTS' MOTIONS** *IN LIMINE*

Each Defendant filed separate motions *in limine*, but except for Jasso's seventh motion *in limine*, they request the same relief.  *Compare, e.g.*, ECF No. 608 (Jasso's Motion *in Limine* No. 1), *with* ECF No. 615 (Garcia's Motion *in Limine* No. 1).  Accordingly, except for Jasso's seventh motion *in limine*, the Court analyses Jasso and Garcia's motions together.

A.   **Defendants' Motions** *in Limine* **No. 1 to Exclude Testimony by Government's Proposed Expert Witnesses**

In their first motions *in limine*, Defendants ask the Court to exclude testimony by two law enforcement officers who the Government seeks to call as experts on Nuestra Familia:  Special Agent Edgar Ramos and Investigator Nicholas Reyes.  Defs.' MIL 1 at 2.  Defendants argue that neither Ramos nor Reyes would offer testimony that would assist the jury and that their testimony would be unreliable and "substantially more prejudicial than probative."  The Government opposes the motions, saying that the expert's opinions will assist the jury in understanding the alleged RICO enterprise and that the opinions are not substantially more prejudicial than probative.  *See* ECF No. 638.

As all Parties point out, these motions *in limine* raise issues that were the subject of

United States District Court
Northern District of California

1    separate pre-trial briefing and arguments.  *See* ECF Nos. 536, 537, 552, 553, 573.  The Court will

2    issue a separate order fully addressing Defendants' objections to the Government's gang expert

3    testimony.

4       **B.    Defendants' Motions *in Limine* No. 2 to Exclude Evidence Offered by the**
         **Government Not Produced Prior to Trial**
5

6        In their second motions *in limine*, Defendants request the Court to exclude evidence

7    offered by the Government that was not produced prior to trial pursuant to Federal Rule of

8    Criminal Procedure 16.  Defs.' MIL 2 at 2.  Defendants further request that the Court order the

9    Government to provide them with written notice of its "intention to use any discoverable evidence

10   in its case-in-chief" pursuant to Rule 12(b)(4).  *Id.*  The Government opposes the motions as

11   unnecessary because the Government says it is following its ongoing discovery obligations and

12   that it will "expeditiously disclosure any further relevant items of which it becomes aware."  *See*

13   ECF No. 632 at 2-3.

14       Based on the discussion at the pretrial conference, the Court DEFERS ruling on

15   Defendants' Motion *in Limine* No. 2, and leaves it to the Parties to work out a protocol for

16   identification of evidence that the Government intends to offer at trial.

17      **C.    Defendants' Motions *in Limine* No. 3 to Exclude Witnesses and to Order the**
         **Government's Case Agent to Testify First**
18

19       In their third motions *in limine*, Defendants move the Court to exclude non-exempt

20   witnesses so that they cannot hear the testimony of other fact witnesses.  Defs.' MIL 3 at 2.

21   Defendants propose that the Government's case agent be exempted and argue that he or she be

22   required to testify first before non-exempt Government witnesses.  *Id.* at 2-3.  Defendants further

23   request that if a government expert is permitted to testify, that Defendants' own experts be

24   permitted to view his or her testimony.  *Id.* at 2.  Finally, Defendants ask the Court to direct

25   witnesses not to discuss the case or their testimony with anyone other than trial counsel.  *Id.* at 3-4.

26   The Government does not object to excluding non-exempt witnesses from trial under Federal Rule

27   of Evidence 615 and says that the exclusion order should also apply to defense witnesses.  *See*

28   ECF No. 633.  The Government says that Government and defense experts should be able to

United States District Court
Northern District of California

7

1    attend any portion of trial or the entirety of trial.  *Id.* at 2.  The Government opposes an order

2    compelling its case agent to testify first, asserting that there is no such legal requirement.  *Id.* at 2-

3    3.

4    　　　　Fed. R. Evid. 615 provides that "[a]t the request of a party the court shall order witnesses

5    excluded so that they cannot hear the testimony of other witnesses."  Rule 615 is intended to

6    ensure a fair trial by preventing collusion of witnesses and fabrication of testimony, and by

7    helping reveal instances where such fabrication or collusion actually occurs.  *See Geders v. United*

8    *States*, 425 U.S. 80, 87 (1976) (observing that the rule "exercises a restraint of witnesses

9    'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less

10   than candid"); *see also Taylor v. United States*, 388 F.2d 786, 788 (9th Cir. 1967) (stating that

11   exclusion is designed to "prevent the shaping of testimony by hearing what other witnesses say").

12   　　　　Rule 615 makes the exclusion of witnesses mandatory upon request.  *United States v.*

13   *Ell¸*718 F.2d 291, 292 (9th Cir. 1983) ("The rule makes the exclusion of witnesses a matter of

14   right and the decision is no longer committed to the court's discretion as it once was."); *United*

15   *States v. Brewer*, 947 F.2d 404, 407-11 (9th Cir. 1991) ("The use of the word 'shall' makes it clear

16   that a district court must comply with a request for exclusion.").  A federal agent, or a local law

17   enforcement officer working with federal agents, qualifies for exemption from an exclusion order.

18   *See* Fed. R. Evid. 615(b); *see also United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987)

19   (trial court did not err in allowing FBI agent who also testified to sit at counsel table throughout

20   trial, since agent qualified as officer representing the government).

21   　　　　The Court GRANTS IN PART and DENIES IN PART Defendants' Motion *in Limine* No.

22   3.  The Court adopts the Parties' agreement that non-exempt witnesses for both Parties should be

23   excluded under Rule 615 and that both Parties' expert witnesses and the Government's case agent

24   should be exempt from the exclusion order.   However, based on the Government's representation

25   that Investigator Nicolas Reyes is a fact witness in this case, he is subject to the exclusion order

26   (notwithstanding the fact that he may also serve as an expert witness for the Government).

27   Finally, the Court declines to order the Government's case agent to testify first.  As *Thomas* holds,

28   the Government's case agent is an exempt witness who may sit in the courtroom throughout the

United States District Court
Northern District of California

8

1    trial, notwithstanding the fact that he may serve as a fact witness later in the trial.  835 F.2d at 222-

2    23.

3           **D.**     **Defendants' Motions *in Limine* No. 4 to Order All Government Witnesses as**
                   **Under Defense Subpoena Unless Released**

4

5          In their fourth motions *in limine*, Defendants request that the Court designate all

6    Government witnesses as under a defense subpoena unless specifically released.  Defs.' MIL 4 at

7    1-2.  Defendants argue that occasionally Government witnesses are released without notice to

8    Defendants, and that designating those witnesses as under defense subpoena would prevent the

9    witness' unavailability after their testimony for the Government.  *Id.* at 2.  The Government does

10   not oppose these motions, except to the extent they apply to a potential federal agent witness, in

11   which case the Government argues that Defendants must comply with applicable *Touhy*

12   obligations.  *See* ECF No. 634 (citing *Touhy v. Ragan*, 340 U.S. 462 (1951)).  Defendants do not

13   dispute that they must comply with *Touhy* obligations for federal agent witnesses.  Accordingly,

14   the Court GRANTS Defendants' Motion *in Limine* No. 4, provided that Defendants comply with

15   *Touhy* as necssary.

16          **E.**     **Defendants' Motions *in Limine* No. 5 to Preclude the Government and Its**
                   **Witnesses from Vouching**

17

18         In their fifth motions *in limine*, Defendants move the Court to preclude the Government

19   and its witnesses from vouching, or personally assuring or suggesting the veracity of a witness's

20   testimony.  Defs.' MIL 5 at 1-2.  The Government states that there is no need for an order from the

21   Court on these motions because the Government "acknowledges its legal obligation to refrain

22   from vouching."  ECF No. 635.  Because this motion *in limine* merely seeks an order for the

23   Government to comply with its legal obligation to refrain from vouching, the Court GRANTS

24   Defendants' Motion *in Limine* No. 5.

25          **F.**     **Defendants' Motions *in Limine* No. 6 to Order the Government to Produce All**
                   **Grand Jury Testimony**

26

27         In their sixth motions *in limine*, Defendants seek an order directing the Government to

28   produce in advance of trial all Grand Jury transcripts in this case for any witness who testified

United States District Court
Northern District of California

1   before the Grand Jury and is likely to testify at trial.  Defs.' MIL 6 at 102.  The Government says

2   these motions are moot because it has already produced all of the grand jury transcripts in this

3   case.  *See* ECF No. 636.  Accordingly, Defendants' Motion *in Limine* No. 6 is DENIED AS

4   MOOT without prejudice to Defendants reasserting this issue, if necessary and after meeting-and-

5   conferring with the Government.

6   **G.      Jasso's Motion *in Limine* No. 7 to Exclude Evidence Related to the Bail Jumping**
       **Case from the Instant Case at Trial**

7

8        In his seventh motion *in limine*, Defendant Jasso requests the Court to exclude from this

9   trial any evidence related to his related bail-jumping case.  Jasso MIL 7 at 1-2; *see United States v.*

10   *Jasso*, No. 19-cr-35-BLF-2 (N.D. Cal.).  Jasso argues that introduction of this evidence, which he

11   presumes would be offered for "demonstrating a consciousness of guilt in [this] case," would

12   violate Rule 403 because the "alleged flight could have alternative explanations and inferences

13   besides consciousness of guilt."  *See* Jasso MIL 7 at 2 (citing *United States v. Myers*, 550 F.2d

14   1036 (5th Cir. 1977)).  The Government opposes this motion, asserting that evidence of both

15   Jasso's bail jumping and his later flight from officers are admissible as evidence of consciousness

16   of guilt for the charges in the Indictment.  *See* ECF No. 637 at 3-4 (citing, *inter alia*, *United States*

17   *v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986)).

18        "Evidence of flight is generally admissible as evidence of consciousness of guilt and of

19   guilt itself."  *United States v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986).  But "evidence of flight

20   can be consistent with innocence" too.  *United States v. Dixon*, 201 F.3d 1223, 1232 (9th Cir.

21   2000).  The probative value of flight thus "depends upon the degree of confidence with which four

22   inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to

23   consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the

24   crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of

25   the crime charged."  *United States v. Felix-Gutierrez*, 940 F.2d 1200, 1207 (9th Cir. 1991).  Courts

26   often give a limiting instruction admonishing the jury about evidence of flight.  *See United States*

27   *v. Hernandez-Miranda*, 601 F.2d 1104, 1106 n.3 (9th Cir. 1979) (affirming limiting instruction

28   regarding evidence of flight, which stated that "[w]hether or not this flight, if you find it in fact to

United States District Court
Northern District of California

10

1   be flight, shows a consciousness of guilt" was for the jury to determine and that the jury "can

2   consider that there may be many reasons for this defendant's failure to appear for his trial in this

3   matter as originally scheduled, totally consistent with innocence").

4        The Court finds that the jury could draw the four inferences from the evidence.  Prior to the

5   alleged flight, Defendant Jasso had already appeared before Magistrate Judge DeMarchi to be

6   arraigned on the charges in this case, so he was aware of the charges asserted against him.  On the

7   same day that he was to appear before Magistrate Judge DeMarchi for a bond hearing, he cut his

8   GPS monitoring bracelet, invented a kidnapping story, and told his girlfriend to call 911 after he

9   fled their house.  When law enforcement located him, Defendant Jasso fled from law enforcement

10   again before being apprehended.  This is more than sufficient evidence for the jury to draw the

11   four inferences linking Defendant Jasso's flight to his guilt of the crimes charged here.

12        The jury may, of course, decline to draw those inferences and decide that Defendant

13   Jasso's flight is consistent with innocence.  Defendant Jasso is free to make that argument to the

14   jury, but an innocent "explanation affect[s] the weight of the evidence rather than its

15   admissibility."  *United States v. Nelson*, 15 F.3d 1093, at *2 (9th Cir. 1994) (unpublished).

16        Accordingly, the Court DENIES Defendant Jasso's Motion *in Limine* No. 7.  The Court

17   will give a limiting instruction similar to that given in *Hernandez-Miranda*.

18

19        **IT IS SO ORDERED.**

20   Dated:  October 6, 2021

21                          _____

22                          BETH LABSON FREEMAN
                       United States District Judge

*United States District Court*
*Northern District of California*