UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>VINCENT GERALD GARCIA and JORGE JASSO,<br>Defendants. | Case No. 18-cr-00466-BLF<br><br>**FINAL ORDER REGARDING COCONSPIRATOR STATEMENTS** |

In a previous order, the Court found that the Government had provided adequate preliminary evidence that a range of coconspirator statements were conditionally admissible at trial. ECF No. 788 ("Ord."). Now that all of the evidence has been presented in this case, the Court returns to the issue of coconspirator statements to consider whether the Government in fact has met its burden at trial to establish that each of the three elements under Rule 801(d)(2)(E) is satisfied for each conditionally admitted coconspirator statement. *Id.* at 12–13.

Under Federal Rule of Evidence 801(d)(2)(E), an out-of-court statement is not hearsay if it is "offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a). "Under Rule 801(d)(2)(E), the statement of a coconspirator is admissible against the defendant if the government shows by a preponderance of the evidence that [1] a conspiracy existed at the time the statement was made; [2] the defendant had knowledge of, and participated in, the conspiracy; and [3] the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000); *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). The

Confrontation Clause does not require the court to make an inquiry into the independent indicia of reliability of the statement. *Bourjaily*, 483 U.S. at 183; *see also United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) ("[C]o-conspirator statements are not testimonial and therefore beyond the compass of Crawford's holding.").

In the Government's sixth motion *in limine*, the Government asked the Court to "consider the entire record when deciding whether to admit coconspirator statements and other evidence." ECF No. 606. The Court deferred ruling, holding that while the Government had cited the correct legal standard, the Court would "determine if a given coconspirator statement is admissible after the Government makes a written proffer of the statement." *United States v. Garcia*, 2021 WL 4594774, at *3 (N.D. Cal. Oct. 6, 2021). The Court ordered the Government to provide that written proffer to Defendants under seal and marked as Attorneys' Eyes Only. *Id.*

The Government filed a supplemental proffer on April 7, 2022. ECF No. 707. That supplemental proffer stated that the Government intended to present coconspirator statements at trial both through cooperating witnesses and kites (contraband jail notes). *Id.* at 2. The Government then broke down the coconspirator statements into four general categories. *Id.* at 3–6. The Government generally described each category of coconspirator statements and provided case law describing the general admissibility of that category of statements but did not provide any specific statements for the Court's review. *See id.* Both Defendants responded, arguing that the Government had not met its burden for any category of statements in part because the Government had not provided Defendants or the Court with any specific statements to evaluate. *E.g.*, ECF No. 736 at 5.

The Court held at a status conference on April 26, 2022, and concluded that while the Government had established by a preponderance of the evidence on prong one of *Bourjaily* that a conspiracy existed at the time the statements were made, the Government had not met its burden under Rule 801(d)(2)(E) to show either of prongs two or three of *Bourjaily*: how the evidence demonstrated knowledge and participation of each Defendant in the conspiracy, and how each statement was made in furtherance of the conspiracy. The Court allowed the Government to submit a supplemental proffer that included representative samples of cooperating witness

statements and kites that fit into each of the four categories and explained how the two remaining elements under *Bourjaily* were satisfied.

The Court indicated at the status conference that it would take the "middle" of three approaches that courts have taken regarding the order of proof and showing required for admissibility of coconspirator statements. *See* Ord. at 3–4 (citing *United States v. Joyce*, 2017 WL 895563, at *5 (N.D. Cal. Jan. 20, 2017)). Under that approach, the Court required the Government to submit a preview of the proffered coconspirator statements prior to trial so the Court could determine which types of coconspirator statements would be conditionally admitted, subject to later striking based on the evidence actually adduced at trial. "Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of evidence, the witnesses will be permitted to testify about coconspirator statements and documents containing such statements will be published to the jury, subject to striking should the government not be able to meet its burden as to all requirements for admissibility." *Joyce*, 2017 WL 895563, at *5.

The Government made such a supplemental proffer to this Court under seal before trial. ECF No. 765.[1] The proffer included representative samples of cooperating witness testimony and kites for each of the four categories of coconspirator statements. *Id.* Defendants filed an opposition to the supplemental proffer. ECF Nos. 750 (opposition), 752 (joinder). Based on the supplemental proffer, the Court found the coconspirator statements in all four categories were conditionally admissible. *See* Ord. The Court reaffirmed its previous holding that the Government had shown by a preponderance of the evidence for prong 1 that a conspiracy existed at the time coconspirator statements were made. *Id.* at 5. The Court also found that for prong 2, the Government demonstrated by a preponderance of the evidence that both Garcia and Jasso had knowledge of and participated in the conspiracy. *Id.* at 5–6. As to prong 3, the Court found that the Government had provided adequate preliminary evidence for each of the four categories of coconspirator statements to be conditionally admitted at trial. *Id.* at 7–12. The Court emphasized

---

[1] Prior to filing the proffer under seal on the docket, the Government had provided it via email to the Court and Defendants.

that, in accordance with the middle approach, those were "preliminary determinations of the admissibility of statements within broad categories," that Defendants were not precluded "from making objections to specific questions or statements in the normal course of trial," and that the statements were "subject to striking at trial if the Government fail[ed] to meet its burden to establish that each of the three elements is satisfied based on the evidence presented." *Id.* at 12–13; *accord Joyce*, 2017 WL 895563, at *5.

As requested by the Court, now that the evidence in the case has closed, the Government provided a chart to the Court and Defendants with the 27 coconspirator statements offered at trial to assist in making final admissibility determinations based on the evidence adduced at trial. On June 1, 2022, the Court held a hearing in which it gave Defendants the opportunity to state their objections to each of the coconspirator statements and the Government the opportunity to respond to those objections.

The Court made rulings on those objections on the record. Those rulings are reflected in the attached table and the reasons for each ruling are set forth in the trial transcript. The Court has stricken three coconspirator statements from the record. Prior to instructing the jury, the Court stated on the record that those three coconspirator statements were stricken from the record and that the jury was not to consider those statements for any purpose.

**IT IS SO ORDERED.**

Dated: June 2, 2022

_____
BETH LABSON FREEMAN
United States District Judge